UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>                Defendant. | CIVIL ACTION NO. 25-CV-5448<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), Title I of the Civil Rights Act of 1991 and 42 U.S.C. § 1981a to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Jayceline Gonzalez ("Charging Party" or Gonzalez"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") discriminated against Charging Party Gonzalez by rescinding her conditional offer of employment because of pregnancy, a condition of her sex (female).

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful acts were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Delta, a foreign business corporation duly existing by virtue of the laws in the State of Delaware, has continuously been doing business in the State of New York and the City of New York, and has continuously had at least 15 employees.

5. At all relevant times, Delta has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PREREQUISITES

6. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination alleging violations of Title VII by Defendant.

7. On July 18, 2025, after an investigation, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the PDA by rescinding its offer of conditional employment to Charging Party on the basis of sex, specifically pregnancy.

8. The EEOC invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 3, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Delta is a commercial air carrier, transporting passengers and cargo domestically and internationally.

14. On or about June 23, 2022, Charging Party, a female, applied for a position at Delta as a Ticket/Gate Agent/Customer Service Agent at Delta's LaGuardia Airport location. At the time of her application for employment, Charging Party was pregnant.

15. On or about July 13, 2025, Delta extended a conditional offer of employment to Charging Party for the position she sought contingent upon the successful completion of a Physical Ability Test ("PAT") which was to be administered by CitiMed Complete Medical Care, PC ("CitiMed") on Delta's behalf.

16. Delta's PAT protocol requires that individuals with certain medical conditions, including pregnancy, obtain a clearance from their physician on a Delta Physician Release Form ("Release") prior to taking the PAT.

17. Delta's PAT protocol permits the PAT to proceed if a participant's physician authorizes the PAT as indicated by the Release.

18. Delta's PAT protocol also provides that, if an individual's physician does not approve the PAT, or parts of it, an alternative testing protocol to the PAT may be considered. At that time, the PAT administrator is expected to obtain further instruction.

19. Charging Party's physician evaluated her physical condition, and filled out the Release, noting that Charging Party was pregnant and checking the line next to - "Authorized (No Restrictions)" - indicating that Charging Party was approved for PAT testing.

20. Charging Party's physician printed and signed her name on the Release and provided her phone number and New York State medical license number.

21. On or about July 22, 2022, Charging Party appeared at the appropriate CitiMed location at her scheduled date and time to take the PAT and presented her Release to a CitiMed employee.

22. The CitiMed employee looked at the Release, stated that Charging Party was not authorized to take the test because she was pregnant, and handed the Release back to Charging Party.

23. Although Charging Party told the CitiMed employee that the Release authorized her to take the PAT, the CitiMed employee nevertheless told Charging Party to leave and pointed to the exit.

24. On or about July 22, 2022, Charging Party informed Delta that CitiMed would not accept her Release and refused to administer the PAT because she was pregnant.

25. Delta responded to Charging Party that it informed management of CitiMed's actions, assured Charging Party that it would rectify all issues, and instructed Charging Party to re-schedule the PAT with CitiMed.

26. Charging Party, again, attempted to take the PAT but CitiMed refused to administer the PAT despite Charging Party's Release indicating that she was authorized.

27. On or about July 27, 2022, Charging Party again contacted Delta and advised that CitiMed would still not allow her to take the PAT because she was pregnant.

28. On or about July 27, 2022, Delta responded that the matter was escalated to its management.

29. On July 28, 2022, Delta rescinded Charging Party's conditional offer of employment, citing her inability to complete the PAT.

30. On July 28, 2022, Charging Party reminded Delta that her physician did approve the PAT.

31. Delta knew that CitiMed refused to allow Charging Party to take the PAT test because of her pregnancy, despite the Release authorizing it.

32. Delta failed to take any corrective action that would have corrected CitiMed's actions or permit Charging Party to take the PAT and become employed.

33. At all relevant times, Plaintiff was qualified to perform the essential functions of the job and was medically cleared to complete the PAT.

34. Non-pregnant Delta candidates who provided a Release permitting them to take the PAT were not prevented from taking the PAT and did not have their conditional offers of employment rescinded as a result.

## STATEMENT OF CLAIMS

35. As set forth in paragraphs 14-34 above, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1),

by rescinding Charging Party's conditional offer of employment because of her pregnancy, a condition of her sex (female).

36. The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of sex (pregnancy).

37. The unlawful employment practices complained of above were intentional.

38. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Declare that Defendant violated Title VII by discriminating against Charging Party based on her sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, managers, assigns, and all persons in active concert or participation with it, from engaging in pregnancy discrimination, specifically in its hiring process.

C. Grant a permanent injunction enjoining Defendant, its officers, agents, managers, assigns, and all persons in active concert or participation with it, from denying employment opportunities to, or taking adverse actions against, a qualified employee because of that employee's sex (pregnancy).

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practice.

  E. Order Defendants to make whole the Charging Party by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices including, but not limited to, instatement and/or front pay.

  F. Order Defendant to make the Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  G. Order Defendant to make whole the Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  H. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M. Street, N.E.
Washington, D.C. 20507

KIMBERLY A. CRUZ
Regional Attorney
New York District Office
33 Whitehall, Floor 5
New York, New York 10004

_____
Annette M. Lalic
Trial Attorney
New York District Office
33 Whitehall, Floor 5
New York, New York 10004
Tel.: (929) 506-5287
Annette.lalic@eeoc.gov