**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | ELECTRONICALLY FILED |
| Plaintiff, | ) ) | |
| | ) | Case No.:  25-cv-5448 |
| v. | ) ) | |
| DELTA AIR LINES, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's Complaint in accordance with the numbered paragraphs as follows:

**NATURE OF THE ACTION**[1]

Defendant admits that Plaintiff seeks to bring claims under Title VII, Title I and 42 U.S.C. § 1981a.  Defendant denies that there have been any unlawful employment practices, denies that it discriminated against the Charging Party Jayceline Gonzalez ("Charging Party" or "Gonzalez") when it rescinded her conditional offer of employment, and denies any remaining allegations in this paragraph.

1.      The allegations of Paragraph 1 are legal conclusions to which no response is required.

---

[1] Plaintiff's Complaint contains several headings and/or sub-headings. Defendant does not consider these to be substantive allegations to which a response is required. However, to the extent a response is required, Defendant denies any and all allegations within any such heading or sub-heading.

2. Plaintiff's allegations concerning jurisdiction and venue are legal conclusions to which no response is required. To the extent a response to such allegations is required, Defendant admits that venue in this action is proper in the United States District Court for the Eastern District of New York. Defendant denies any remaining allegations in this Paragraph 2.

## PARTIES

3. The allegations of Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the EEOC is an agency of the United States that administers, interprets and enforces Title VII, and can bring certain Title VII actions on behalf of charging parties. Defendant denies any remaining allegations in Paragraph 3.

4. Admitted.

5. The allegations of Paragraph 5 are legal conclusions to which no response is required.

## ADMINISTRATIVE PREREQUISITES

6. Defendant admits that Charging Party Jacelyn Gonzalez filed a Charge of Discrimination alleging that Defendant discriminated against her on the basis of her sex with a signature date of January 12, 2023, which is more than 30 days prior to the filing of the Complaint in this matter. Defendant denies any remaining allegations in Paragraph 6.

7. Defendant admits that EEOC conducted some investigation and issued a Letter of Determination dated July 18, 2025. Defendant further admits that the EEOC attempts to characterize the contents of the Letter of Determination, which is a written

document whose contents speak for itself.  Defendant denies that it violated the PDA, and denies any remaining allegations in Paragraph 7.

8. Defendant admits that the EEOC invited it to engage in conciliation. Defendant denies that it engaged in unlawful employment practices, denies that any relief was appropriate, and denies any remaining allegations in Paragraph 8.

9. Defendant admits that the Commission engaged in communications regarding a proposed conciliation agreement.  Defendant denies that in engaged in any discriminatory practices and denies any remaining allegations in Paragraph 9.

10. Defendant admits that the parties were unable to agree to terms of a conciliation agreement.  Defendant is without information or belief as to what would be "acceptable to the Commission" and on that basis denies any remaining allegations in Paragraph 10.

11. Admitted.

12. The allegations of Paragraph 12 are legal conclusions to which no response is required.

### STATEMENT OF FACTS

13. Admitted.

14. Defendant admits that on or about June 23, 2022, Charging Party, who presents as female, applied for a position at Delta as a Ticket/Gate Agent/Customer Service Agent at Delta's LaGuardia Airport location.  Defendant  lacks sufficient information to admit or deny the truth of the statements as to whether the Charging Party was pregnant at the time she filled out her application for employment, and on that basis, denies the remaining allegations in Paragraph 14.

15.     Defendant admits that on or about July 13, 2025, it extended a conditional offer of employment to the Charging Party.  Defendant further admits that the conditional offer of employment stated that to proceed with pre-employment, a Physical Ability Test (PAT) was required, and that the Charging Party should contact the listed Citi Medical facility to schedule the PAT.  Defendant denies any remaining allegations in Paragraph 15.

16.     Defendant admits that Delta's contractor Advanced Ergonomics, Inc. prepared a document entitled: "Physical Ability Test Battery Protocol And Clinic Master Pack" that was dated January 5, 2022, the content of which speaks for itself. Defendant denies any remaining allegations in Paragraph 16.

17.     Defendant admits that Delta's contractor Advanced Ergonomics, Inc. prepared a document entitled: "Physical Ability Test Battery Protocol And Clinic Master Pack" that was dated January 5, 2022, the content of which speaks for itself.  Defendant denies any remaining allegations in Paragraph 17.

18.     Defendant admits that Delta's contractor Advanced Ergonomics, Inc. prepared a document entitled: "Physical Ability Test Battery Protocol And Clinic Master Pack" that was dated January 5, 2022, the content of which speaks for itself.  Defendant denies any remaining allegations in Paragraph 18.

19.     Defendant denies that the Charging Party's physician provided a release indicating that she was approved for PAT with no restrictions.  Defendant lacks sufficient information to admit or deny the truth of the remaining statements in Paragraph 19, and on that basis, the allegations are denied.

20. Defendant lacks sufficient information to admit or deny the truth of the statements in Paragraph 20, and on that basis, the allegations are denied.

21. Defendant admits only that about July 22, 2022, the Charging Party sent an email to Delta's Resource Support stating that she appeared at the applicable Citi Medical location. Defendant is currently without information or belief as to the truth of the remaining allegations in Paragraph 21, and on that basis, the allegations are denied.

22. Defendant lacks sufficient information to admit or deny the truth of the statements in Paragraph 22, and on that basis, the allegations are denied.

23. Defendant admits only that on or about July 22, 2022, the Charging Party sent an email to Delta's Resource Support stating that a Citi Medical employee at the front desk did not want to help her with the physician release form, did not give her next steps, and told her to leave. Defendant denies any remaining allegations in Paragraph 23.

24. Defendant admits only that on or about July 22, 2022, the Charging Party sent an email to Delta's Resource Support stating that a Citi Medical employee at the front desk did not want to help her with the physician release form, did not give her next steps, and told her to leave. Defendant denies all other allegations in Paragraph 24.

25. Defendant admits that Delta's Resource Support informed the Charging Party that her email was submitted to management, that they would attempt to rectify all issues and that she should try contacting the facility again for availability. Defendant denies any remaining allegations in Paragraph 25.

26. Defendant denies that the Charging Party had a Delta Physician's Release Form indicating that she was authorized to take the PAT without restrictions. Defendant

lacks sufficient information to admit or deny the truth of the remaining statements in Paragraph 26, and on that basis, the allegations are denied.

27. Defendant admits only that on or about July 27, 2022, the Charging Party informed Defendant's Resource Support via email that "I called and can't take the test because I'm currently expecting." Defendant denies any remaining allegations in Paragraph 27.

28. Defendant admits that on or about July 27, 2022, Delta's Resource Support stated that the matter was escalated to management. Defendant denies any remaining allegations in Paragraph 28.

29. Defendant admits that on July 28, 2022, Delta's Resource Support stated that the Charging Party's conditional offer of employment was being rescinded due to her failure to obtain the necessary physician release form indicating that she could safely take the PAT. Defendant denies any remaining allegations in Paragraph 29.

30. Defendant admits that on July 28, 2022, the Charging Party stated in an email that her physician did approve the PAT. By way of further response, the Charging Party subsequently stated that her physician "put restrictions" on it. Defendant denies any remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that Delta candidates who have any condition requiring them to provide a physician release in order to take the PAT (whether pregnancy or another condition) should be permitted by the applicable vendors to take the PAT when a

physician signs the applicable release form without any restrictions. Defendant further admits that Delta candidates who complete the PAT should not have conditional offers of employment revoked for failure to take the PAT. Delta denies any remaining allegations in Paragraph 34.

## STATEMENT OF CLAIMS

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in each and every paragraph of the Prayer for Relief (including subparts A – J), and denies that Plaintiff is entitled to the relief sought in the Prayer for Relief (including subparts A – J) or any other relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted or not specifically modified herein.

## DEFENSES[2]

1.   Defendant denies that the Charging Party's sex, pregnancy, or any other impermissible factor played any role in the failure to hire.

---

[2] Defendant does not concede it has the burden of proof on all defenses that are set forth below to the extent they are not affirmative defenses for which a defendant has the burden of proof under applicable law.

2.     Defendant has not violated any of the Charging Party's rights or harmed her in any way.  To the contrary, at all times Defendant acted in good faith, reasonably, for legitimate, non-discriminatory reasons and in accordance with applicable law.

3.     Plaintiff is not entitled to recover punitive or liquidated damages under Title VII because Defendant made a good faith effort to comply with all appliable anti-discrimination laws, and at all relevant times, acted reasonably, in good faith, and without malice based upon all relevant information and facts and circumstances known by Defendant.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5.     Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

6.     Plaintiff's claims are barred, in whole or in part, because the Charging Party has not sustained any injury or damage by reason of any act or omission of Defendant.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, res judicata, estoppel, unclean hands, set-off, and offset.

8.     The Charging Party has failed to mitigate her damages, entitlement to which is expressly denied.

9.     Defendant reserves the right to assert such additional defenses that may appear and prove applicable through the course of this litigation.

**WHEREFORE**, Defendant respectfully requests that this Court (a) dismiss the Complaint in its entirety, with prejudice; (b) award Defendant its costs in this action,

including reasonable attorneys' fees; and (c) grant Defendant such other and further relief as the Court deems appropriate.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Date:  January 23, 2026

*/s/Ira G. Rosenstein*
Ira G. Rosenstein
Nina S. Leeds
101 Park Avenue
New York, NY 10178-0060
Phone (212) 309-6700
Fax (212 309-6001
ira.rosenstein@morganlewis.com
nina.leeds@morganlewis.com

Stephanie R. Reiss (*pro hac vice forthcoming*)
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219
Phone (412) 560-3300
Fax (412) 560-7001 (fax)
stephanie.reiss@morganlewis.com

Attorneys for Defendant Delta Air Lines, Inc.

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed

electronically and served on all counsel of record on January 23, 2026 via the Court's

ECF/CM system.

<u>*/s/ Ira G. Rosenstein*</u>
Ira G. Rosenstein